**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Arenberg, | CIV-09-593-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff David Arenberg, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. #11). The Court will order Defendants Maricopa County Sheriff Joseph M. Arpaio, Nurse Sheila, Nurse Judy, and Nurse Howard to answer the First Amended Complaint, and will dismiss Defendant Dr. Venkabalaji without prejudice.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). While Rule 8 does not

1 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).
3 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4 statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. See id. at 1951.

## II. First Amended Complaint

In his First Amended Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph M. Arpaio, Nurse "Sheila," Nurse "Judy," Nurse "Howard," and Dr. Venkabalaji. Plaintiff alleges four grounds for relief in the First Amended Complaint. Plaintiff seeks compensatory and punitive damages.

In each count, Plaintiff asserts a violation of his Fourteenth Amendment rights as it relates to his medical care. Plaintiff contends that he fell while climbing the stairs, informed Defendant Nurse Sheila that he was in excruciating pain and could not move his leg, and requested to be taken to the emergency room. Defendant Nurse Sheila refused to provide treatment, stating that there was nothing wrong with Plaintiff, and would not take him to the jail infirmary. Over the course of several days, Plaintiff repeatedly informed Defendants Nurse Judy and Nurse Howard of his pain and his inability to support weight on his leg, but he was intentionally ignored. Plaintiff states that Defendants Nurse Sheila, Nurse Judy, and Nurse Howard each accused Plaintiff of faking his injury and intentionally disregarded his continual complaints of pain and failed to offer any medical care. Six days after the injury,

1 Plaintiff claims that Defendant Dr. Venkabalaji conducted a cursory exam of Plaintiff's leg,
2 determined that his muscle was bruised, and refused to order x-rays, pain medication, or
3 additional medical treatment.

4 Plaintiff was eventually taken to the hospital and was diagnosed as having a ruptured
5 quadriceps tendon, requiring immediate surgery. Plaintiff contends that he did not receive
6 surgery until three weeks later and asserts that the delay caused his "surgical window" to
7 close causing his injury to become permanent. Plaintiff alleges that the delay was due to a
8 lack of jail transportation. Plaintiff states that Defendant Joseph Arpaio was aware of the
9 "scheduling and transport problems for wheelchairs and he promulgated the policy that
10 caused an insufficient number of wheelchair vans to be put in service and the transport
11 department to be unable to get me to the hospital for 3 weeks."

12 Plaintiff also alleges that after his surgery and after his initial cast was replaced with
13 a second cast, he repeatedly complained to Defendants Nurse Judy and Dr. Venkabalaji that
14 the new cast was not set properly and was causing extreme pain to his knee. Plaintiff
15 contends that the issue was never addressed.

16 **III.  Failure to State a Claim**

17 A pretrial detainee's claim for unconstitutional conditions of confinement arises from
18 the Fourteenth Amendment Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535
19 (1979). The applicable standard requires proof that the defendant acted with deliberate
20 indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim of
21 deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional
22 deprivation must be, objectively, "sufficiently serious"; the official's act or omission must
23 result in the denial of "the minimal civilized measure of life's necessities." Farmer v.
24 Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently
25 culpable state of mind," i.e., he must act with deliberate indifference to inmate health or
26 safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has
27 imposed a subjective test: "the official must both be aware of facts from which the inference
28 could be drawn that a substantial risk of serious harm exists, and he must also draw the

1 inference." Id. at 837 (emphasis added). Not every claim by a prisoner that he has received
2 inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To
3 state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate
4 indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)
5 (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious
6 medical need" by demonstrating that failure to treat the condition could result in further
7 significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's
8 response was deliberately indifferent. See Jett, 439 F.3d at 1096 (quotations omitted).

9      Mere claims of "indifference," "negligence," or "medical malpractice" do not support
10 a claim under § 1983. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). "A
11 difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious
12 medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in
13 medical care, without more, is insufficient to state a claim against prison officials for
14 deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
15 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of
16 "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

17      Plaintiff alleges that Defendant Dr. Venkabalaji misdiagnosed Plaintiff's injury and
18 failed to address the issues related to his new cast. This conduct does not rise to the level of
19 deliberate indifference. Therefore, the Court will dismiss without prejudice Defendant Dr.
20 Venkabalaji.

21 **IV.    Claims for Which an Answer Will be Required**

22      Liberally construed, Plaintiff has stated a claim against Defendants Maricopa County
23 Sheriff Joseph M. Arpaio, Nurse Sheila, Nurse Judy, and Nurse Howard. The Court will
24 require Defendants Maricopa County Sheriff Joseph M. Arpaio, Nurse Sheila, Nurse Judy,
25 and Nurse Howard to answer the First Amended Complaint.

26 **V.    Warnings**

27     **A.    Release**

28

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. See Fed.R.Civ.P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. See Fed.R.Civ.P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motion for extension of time (Doc. #12) and Defendants' Motion to Dismiss (Doc. #13) are dismissed as premature and with leave to refile as they address the original Complaint.

(2) Defendant Dr. Venkabalaji is **dismissed** without prejudice.

(3) Defendants Maricopa County Sheriff Joseph M. Arpaio, Nurse Sheila, Nurse Judy, and Nurse Howard must answer the First Amended Complaint.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #11), this Order, and both summons and request for waiver forms for Defendants Maricopa County Sheriff Joseph M. Arpaio, Nurse Sheila, Nurse Judy, and Nurse Howard.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. See Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must

include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 28th day of August, 2009.

_____
Mary H. Murguia
United States District Judge